UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                           No. 01-4573

WU FENG ZHANG,
    *Defendant-Appellant.*


UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                           No. 01-4579

WU FENG ZHANG,
    *Defendant-Appellant.*


Appeals from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-01-34, CR-01-80)


Submitted: December 13, 2001

Decided: December 27, 2001


Before NIEMEYER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Pursuant to a guilty plea, Wu Feng Zhang pled guilty to counterfeiting in violation of 18 U.S.C. § 3742(a) (1994). The district court sentenced him to a 12 month term of imprisonment for the counterfeiting charge followed by a 21 month term of imprisonment for revocation of probation. Zhang timely appealed. Zhang's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Counsel states there are no meritorious issues for appeal, but contends on Zhang's behalf that the district court abused its discretion by imposing a 12 month sentence for the counterfeiting violation and that the district court's 21 month sentence imposed for revocation of probation was in violation of law or was plainly unreasonable. Zhang was informed of his right to file a supplemental brief but did not file a brief.

Zhang's 12 month counterfeiting sentence was within the properly calculated guideline range of 6-12 months and therefore is not appealable. *See United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990). Moreover, the district court properly considered the counterfeiting offense that gave rise to the revocation of probation in fashioning the sentence for that revocation. *See* 18 U.S.C. § 3565(a)(2) (1994); *United States v. Schaefer*, 120 F.3d 505, 507 (4th Cir. 1997). Further,

the court properly found, in its discretion, that an upward departure was warranted for the revocation of probation. *See* United States Sentencing Commission, *Guidelines Manual*, § 7B1.4, comment. (n.4) (Nov. 2000).

Accordingly, we affirm the judgment of the district court. We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*